UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

DEMETRIUS GOHRE,

        Plaintiff,

      v.                                            Case No. 23-C-952

LINA MONTANO,
BENJAMIN JACKSON,
RILEY CORNOG,
J. MARTIN,
JMKJK,
TAOTO, and
JOHN DOE,

        Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Demetrius Gohre, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Milwaukee County Jail. This matter comes before the Court on Gohre's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Gohre has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Gohre has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial

partial filing fee of $14.79. Gohre's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Gohre, from September 2020 through February 2021, while he was incarcerated at the Milwaukee County Jail as a pretrial detainee, Defendants destroyed and/or prevented him from viewing his legal materials. Specifically, he asserts that on September 10, 2020, he was moved to another housing unit, at which time Riley Cornog packed his property. Gohre states that when he was got his property back nearly a week later, his entire collection of legal materials was either missing or destroyed. Gohre asserts that he filed multiple grievances explaining that he needed to view his legal materials, but the grievances were denied. Dkt. No. 1 at 2.

According to Gohre, in November 2020, he received a court order from Milwaukee County Circuit Judge Michelle Havas ordering jail staff to allow him to view his legal materials. Gohre states that he presented the order to J. Martin, but his request to view his legal materials was again denied. Gohre asserts that, because of Defendants' refusal to let him view his materials, he missed a deadline to file a pre-trial motion for DNA testing. Gohre asserts that he also lost books and materials that he had paid for from the law library. Dkt. No. 1 at 3.

## THE COURT'S ANALYSIS

Gohre seeks to state an access-to-the-courts claim against Defendants based on allegations that they repeatedly denied him the opportunity to view his legal materials, which resulted in him missing a deadline to file a motion for DNA testing. But Gohre fails to state such a claim because, according to the Wisconsin Circuit Court Access website, Gohre was represented by counsel in his criminal case, and "access to legal materials is required only for unrepresented litigants." *Wise*

*v. Kaiser*, 371 F. App'x 673, 674 (7th Cir. 2010) (citing *Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007)); *see also* Wisconsin Circuit Court Access, *Wisconsin v. Gohre*, Case No. 2020CF1667 (represented by Attorneys Caitlin Hazard Firer and Jade Hall during the relevant time). It has long been held that a prisoner who is represented by counsel enjoys meaningful access to the courts, so nothing more than that is required. *Bounds v. Smith*, 430 U.S. 817, 830-31 (1977); *see Wise*, 371 Fed. App'x at 674.

Gohre also fails to state a due process claim based on the loss and/or destruction of his property. "[N]egligent deprivations of property do not violate the Due Process Clause because predeprivation process is impracticable . . . ." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). And, even assuming an officer intentionally lost or destroyed Gohre's legal materials (and Gohre makes no such allegation), "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Id.* It has long been held that Wisconsin's post-deprivation remedies are adequate for redressing missing property. *See Greeno v. Litscher*, 13 F. App'x 370, 376-77 (7th Cir. 2001) (citing Wis. Stat. §§893.35 and 893.51).

The Seventh Circuit has instructed that a pro se plaintiff be afforded one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 493-94 (7th Cir. 2022). Accordingly, if Gohre believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **September 13, 2023**. If Gohre cannot cure the deficiencies in the original complaint, he need not take any further action. Gohre is advised that an amended complaint replaces the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d

4

1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Gohre's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Gohre's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **September 13, 2023**, Gohre may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision. If Gohre does not believe he can cure the identified defects, he need not take any further action. If the Court does not receive an amended complaint by the deadline, it will dismiss this action based on Gohre's failure to state a claim in the original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Gohre a blank prisoner amended complaint form along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Gohre shall collect from his institution trust account the $335.21 balance of the filing fee by collecting monthly payments from Gohre's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Gohre is transferred to another institution, the transferring institution shall forward a copy of this Order along with Gohre's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Gohre is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Gohre is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this  15th  day of August, 2023.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge