UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMETRIUS GOHRE,

                Plaintiff,

v.                                                Case No. 23-C-952

RILEY CORNOG,

                Defendant.

## DECISION AND ORDER

Plaintiff Demetrius Gohre, who is incarcerated at Columbia Correctional Institution and representing himself, is proceeding on a First Amendment retaliation claim against Defendant Riley Cornog based on allegations that, while Gohre was incarcerated at the Milwaukee County Jail, Defendant destroyed Gohre's legal materials and sent him to segregation on false rule violations because Gohre had filed grievances against him. On February 5, 2024, Defendant filed a motion for summary judgment on the ground that Gohre failed to exhaust the available administrative remedies before he initiated this action. Dkt. No. 19. In a notice and order, the Court reminded Gohre that under Civil L. R. 56(b)(2) his response materials were due March 6, 2024. Dkt. No. 24. The Court warned Gohre that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendant as undisputed, which would likely result in summary judgment being granted in Defendant's favor and the case being dismissed. The deadline has passed, and Gohre did not respond to Defendant's motion or explain why he was unable to do so.

The Court has reviewed Defendant's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendant is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendant and deemed true as a result of Gohre's failure to respond, the Court finds that Gohre did not file a grievance asserting that Cornog had retaliated against him. Because Gohre failed to give the jail notice of his claim, he failed to exhaust the available administrative remedies. Defendant is therefore entitled to summary judgment. *See King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023).

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Dkt. No. 19) is **GRANTED** and this case is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 14th day of March, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.